IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

WILLIE C. FRAZIER,                          )
                                            )
            Plaintiff,                      )              4:04cv3300
                                            )
      vs.                                   )         MEMORANDUM AND ORDER
                                            )
NEBRASKA DEPARTMENT OF                      )
CORRECTIONAL SERVICES,                      )
                                            )
            Defendants.                     )

      This matter is before the court on the following pending motions: (1) filing nos. 13
and 25, the Motions to Dismiss filed by defendant-the Nebraska Department of
Correctional Services ("DCS"); (2) filing no. 21, the Motion for Summary Judgment filed by
defendant-Chef Maxwell L.A. Foods ("L.A. Foods, LLC"); and (3) filing no. 31, the Motion
for Discovery and Stay of Ruling on Motion for Summary Judgment filed by the plaintiff,
Willie C. Frazier, a prisoner in DCS custody.  The plaintiff asserts federal civil rights claims
pursuant to 42 U.S.C. § 1983 against DCS and employees of DCS in their official capacity[1],
alleging deliberate indifference to his safety in violation of the Eighth Amendment to the
United States Constitution.  The plaintiff also asserts a product liability tort claim against

---

[1]The Amended Complaint (filing no. 15) does not specify whether the employees
of DCS named as defendants are sued in their individual capacity, official capacity, or both
capacities.  In those circumstances, the law presumes that a defendant is sued *only* in his
or her official capacity.  See generally Johnson v. Outboard Marine Corp., 172 F.3d 531,
535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must
expressly and unambiguously say so in the pleadings).

      A suit against a public employee in his or her official capacity is actually a suit
against the public employer.  Kentucky v. Graham, 473 U.S. 159, 165 (1985).  Therefore,
a claim against a state employee, in his or her official capacity, is in reality a claim against
the entity that employs the officer, i.e., the State.  See also Eagle v. Morgan, 88 F.3d 620,
629 n. 5 (8th Cir. 1996), *quoting* Kentucky v. Graham: "[A]n official-capacity suit is, in all
respects other than name, to be treated as a suit against the entity."

      Therefore, DCS and the employees of DCS named as defendants are, as a matter
of law, considered to be the State of Nebraska for purposes of the plaintiff's federal civil
rights claim.  The other defendant is L.A. Foods, LLC, against whom the plaintiff asserts
a product liability claim arising under state, not federal, law.

1

L.A. Foods, LLC, the company that provided food for inmates at the plaintiff's prison when, in May of 2004, the plaintiff suffered injury as a result of contaminated food.

## Sovereign Immunity

DCS, an agency of the State of Nebraska, and employees of DCS in their official capacity are entitled to invoke the State's sovereign immunity from claims for damages by private parties. State sovereign immunity, recognized and preserved by the Eleventh Amendment to the United States Constitution, prohibits a private party from suing the State or its agencies and employees in their official capacity, except insofar as the State or the Congress of the United States has abrogated the state's sovereign immunity. See, e.g., Morstad v. Department of Corrections and Rehabilitation, 147 F.3d 741, 744 (8th Cir. 1998): "[A]bsent a waiver, the Eleventh Amendment immunizes the state and its officials from § 1983 liability." See also Burk v. Beene, 948 F.2d 489, 492-93 (8th Cir. 1991): "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'..." (Citations omitted.) No waiver of sovereign immunity applies to this case.

Furthermore, "[a] State's constitutional interest in its sovereign immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99 (1984) (emphasis in original). See also Becker v. University of Nebraska, 191 F.3d 904, 908 (8th Cir. 1999): "This court has previously held that the State of Nebraska has not consented to federal court jurisdiction." See also Hess v. Port Authority Trans-Hudson Corp., 513 U.S. 30, 39-40 (1994): "The Eleventh Amendment largely shields States from suit in federal court without their consent, leaving parties with claims against a State to present them, if the State permits, in the State's own tribunals." Accord Trevelen v. University of Minnesota, 73 F.3d 816, 818 (8th Cir. 1996): "The Supreme Court has interpreted the Eleventh Amendment to bar actions in federal court against a state by its citizens." The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court. Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001).

Because DCS is an agency of the State of Nebraska, DCS shares the State's sovereign immunity under the Eleventh Amendment. See, e.g., Nebraska Methodist Health System, Inc. v. Department of Health, 543 N.W.2d 466, 469 (Neb. 1996): "Generally speaking, a suit against a state agency is a suit against the State itself." Accord County of Lancaster v. State, Dept. of Public Institutions, 529 N.W.2d 791, 794 (Neb. 1995): "For the purposes of applying the doctrine of sovereign immunity, a suit against an agency of the state is the same as a suit against the state." Because the individual persons named as defendants are sued in their official capacity only, they, too, are considered the equivalent of the State for purposes of the plaintiff's federal claims.

Even if the plaintiff had sued the DCS employees in their *individual* capacity, the plaintiff has not stated a claim on which relief may be granted for violation of the Constitution or laws of the United States. The plaintiff's allegations concerning the

2

circumstances of his injury state claims of negligence and product liability arising under Nebraska law, not federal law. While the plaintiff may be able to pursue a claim against the responsible persons in a state court, negligence and similar torts by prison officials are not actionable under 42 U.S.C. § 1983. See, e.g., Daniels v. Williams, 474 U.S. 327 (1986) (inmate who slipped on a pillow negligently left on jail stairs by a corrections officer was not "deprived of his liberty interest in freedom from bodily injury"). It is true that "[p]ersons involuntarily confined by the state have a constitutional right to safe conditions of confinement." Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996). However, "[n]ot every deviation from ideally safe conditions amounts to a constitutional violation." Id. Accord Tucker v. Evans, 276 F.3d 999, 1002 (8th Cir. 2002) (negligence, even gross negligence, is insufficient to prove a violation of the Eighth Amendment).

Therefore, the plaintiff's § 1983 claims against DCS and the defendant-DCS employees must be dismissed.

### Supplemental Jurisdiction

A federal district court has discretion under 28 U.S.C. § 1367(c)(3) to decline to exercise supplemental jurisdiction over claims arising under state law after dismissal of the claim(s) over which the court has original jurisdiction. In addition, 28 U.S.C. § 1367(d) tolls the limitations period for state-law claims during the pendency of a federal lawsuit, if the statute of limitations had not expired on such claims before the plaintiff filed a complaint in federal court. 28 U.S.C. § 1367(d) states in pertinent part: "The period of limitations for any claim asserted under subsection (a) ... shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." The tolling provision of section 1367(d) provides "assurance that state-law claims asserted under § 1367(a) will not become time barred while pending in federal court." Jinks v. Richland County, 538 U.S. 456, 464 (2003).

Consequently, the dismissal of the plaintiff's claims will be without prejudice, and the plaintiff may, if he wishes, file an action against L.A. Foods, LLC and individual employees of DCS in a state court.

THEREFORE IT IS ORDERED:

1.      That filing nos. 13 and 25, the Motions to Dismiss filed by the Nebraska Department of Correctional Services ("DCS"), are granted;

2.      That filing no. 21, the Motion for Summary Judgment filed by L.A. Foods, LLC, is denied;

3.      That filing no. 31, the plaintiff's Motion for Discovery and Stay of Ruling on Motion for Summary Judgment, is denied;

4.      That the court declines to exercise supplemental jurisdiction over the

3

plaintiff's claims under state law against the defendants;

5.      That the plaintiff's complaint, as amended, and this action are dismissed without prejudice; and

6.      That a separate judgment will be entered accordingly.

DATED this 24th day of May, 2005.

BY THE COURT:


s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge

4